# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

EZRA JOE JONES                                                             PLAINTIFF

V.                      CASE NO. 5:18-cv-05249

SHERIFF TIM HELDER; KARAS MEDICAL;
DOCTOR KARAS; DEPUTY PINEDA;
DEPUTY LUNDSFORD; DEPUTY PARTAIN; and
DEPUTY SIMPSON                                               DEFENDANT

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint on December 28, 2018. (Doc. 1). That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 3). An Amended Complaint was filed on February 13, 2019. (Doc. 7).

According to Plaintiff's Amended Complaint, he is currently in jail in the Washington County Detention Center ("WCDC") awaiting trial on pending new criminal charges and a parole violation. The Amended Complaint lists five claims. In the first claim, Plaintiff names Karas Medical, Dr. Karas and Sheriff Helder, in both their official and personal capacities, and asserts that these Defendants denied him pain medication. Plaintiff's

1

second claim names Sheriff Helder in both his personal and official capacity and asserts a claim for unconstitutional conditions of confinement with respect to overcrowding. Plaintiff's third claim also asserts a claim for conditions of confinement, naming Sheriff Helder and unknown deputies, and discusses both overcrowding and the alleged denial of a second sleeping mat. In his fourth claim, Plaintiff names Sheriff Helder, Deputy Pineda, Deputy Lundsford, and Deputy Partain and asserts that the WCDC lacks "a functioning grievance procedure." Finally, Plaintiff's fifth claim names Sheriff Helder, Deputy Simpson and Deputy Partain and asserts a claim for cruel and unusual punishment involving a canister of pepper spray.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v.*

2

*Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Claim #1

As set forth above, Plaintiff's first claim is stated both individually and officially against Karas Medical, Dr. Karas, and Sheriff Helder. Plaintiff states that Karas Medical repeatedly denied Plaintiff pain medication to alleviate or prevent excessive pain. Plaintiff states that "Dr. Karas owns/oversees operations of Karas Medical" and that Sheriff Helder "hired/allows Karas to operate in the facility on those in his care." (Doc No. 7 at 4).

Plaintiff's claim against Sheriff Helder in his individual capacity fails, as he does not allege that Sheriff Helder directly participated in any alleged unconstitutional violation concerning the denial of pain medication. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Because the Plaintiff has failed to include any allegations of personal involvement by Sheriff Helder, he has failed to assert a claim against Sheriff Helder in his individual capacity based on the denial of pain medication.

Plaintiff's individual capacity claim against Dr. Karas for the denial of pain medication will be allowed to proceed.

As to Plaintiff's official capacity claim against Karas Medical[1] and Sheriff Helder, in *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. See *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991).

*Gorman*, 152 F.3d at 914.

Plaintiff has identified no policy or custom of Karas Medical, Washington County, or the WCDC that violated his rights. He, therefore, fails to state any plausible official capacity claim with respect to the denial of pain medication.

### B. Claims # 2 and 3

Plaintiff's second and third claims are stated against Sheriff Helder and non-specified "[d]eputies" regarding overcrowding and the denial of a second sleeping mat. (Doc. 7 at 6).

---

[1] When a government contracts with a third party to fulfill a constitutional duty–such as providing medical care–official capacity claims against the third party's employees are treated as claims against the third party itself. See *Cannady v. Cradduck*, 2016 WL 4432704, at *1-2 (W.D. Ark. Aug. 18, 2016) (finding that official capacity claims against employees of a third-party medical provider are treated as claims against the company because the county contracted with the company to provide healthcare to county prisoners). Thus, Plaintiff's official capacity claim against Dr. Karas is essentially a claim against Karas Medical.

4

With regard to the denial of a second sleeping mat, Plaintiff fails to specifically identify any deputy responsible for this decision, does not allege that Sheriff Helder was personally involved in the decision to deny him a second mat, and has not identified any policy or custom which resulted in this alleged violation of his rights. Accordingly, Plaintiff's individual and official capacity claims based on the denial of a second mat are subject to dismissal.

Plaintiff's overcrowding claim against Sheriff Helder in his individual and official capacities will be allowed to proceed.

### C. Claim #4

Plaintiff's fourth claim alleges that his constitutional rights were violated because the WCDC lacks a "functioning grievance procedure." Plaintiff names Sheriff Helder, Deputy Partain, Deputy Lundsford, and Deputy Partain in this claim and states that the "[s]heriff has a policy w[here] grievance matters can not be brought to him. Deputies refuse to allow the written appeal process to be followed." (Doc. 7 at 7).

The law is clear that inmates do not have a constitutionally protected right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, the "lack of a functioning grievance procedure," without more, is not actionable under § 1983. *Id.* Accordingly, Plaintiff's claim in this regard fails to state a claim upon which relief may be granted.

### D. Claim #5

Plaintiff's fifth claim names Sheriff Helder, Deputy Simpson and Deputy Partain and asserts a claim for cruel and unusual punishment involving a canister of pepper

5

spray. Plaintiff states that Deputy Simpson used "his canister of pepper spray to threaten and intimidate" and, that "Partain responded to the report of this violation that it was okay to do so." (Doc. 7 at 8).

The Eighth Circuit has recognized that "'mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations.'" *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). Notably, in this case, Plaintiff does not allege that pepper spray was actually used, but asserts instead that he was threatened or intimidated with it. For these reasons, Plaintiff's allegations fail to assert a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, all of the Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE** as frivolous or for failure to state a claim, *see* 28 U.S.C. § 1915A, with the exception of the following:

- Plaintiff's claim for the denial of pain medication against Dr. Karas in his individual capacity; and
- Plaintiff's conditions of confinement claim for overcrowding against Sheriff Helder, individually and in his official capacity.

Service will be directed through a separate order. The Clerk is directed to terminate all other defendants from this action.

**IT IS SO ORDERED** on this 5th day of March, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE